# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

Quintin Mayweather-Brown,

        Plaintiff,

        v.          Case No. 3:16-CV-755 JVB

Brad Rodgers, et al.,
        Defendants.

## OPINION AND ORDER

Quintin Mayweather-Brown, a pro se prisoner, filed a vague complaint against twelve defendants based on events which occurred while he was a pretrial detainee in Elkhart County in 2014. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

Here, the complaint is vague because it is unclear when each alleged event occurred. This matters because Indiana's two-year limitations period applies to this case. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). The clerk received the complaint on November 7, 2016. However, Mayweather-Brown is entitled to the mailbox rule because he is incarcerated. *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001). Here, the complaint is dated October 16, 2016, but it is unclear when he mailed it. Nevertheless, if he mailed it on that day, only claims arising on or after October 16, 2014, would be timely in this case. Mayweather-Brown needs to clarify when he mailed the original complaint in this case and limit his claims to those which arose in the preceding two years.

The complaint is also vague because it appears to be raising claims which are also being raised in 3:16-CV-444 and 3:16-CV-755. Therefore Mayweather-Brown needs to separate his claims so that each case contains a discrete group of claims. Then he needs to clearly explain what each defendant did which he believes violated his rights.

For these reasons, the court **GRANTS** Quintin Mayweather-Brown until December 27, 2016, to file an amended complaint; and **CAUTIONS** him that if he does not respond by that deadline, this case will be dismissed without further notice for failure to prosecute.

SO ORDERED on November 23, 2016.

   s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE